CASE 61—PETITION EQUITY—SEPTEMBER 28.

# Buckner's ex'rs, &c., vs. Cromie's ex'rs.

APPEAL FROM LOUISVILLE CHANCERY COURT.

1. Executors, with no express power to sell, have no authority to sell and convey real estate which relapsed to heirs and distributees, and did not pass under the will.

2. Real estate which did not pass under the will, but relapsed to testator's heirs and distributees, vested absolutely by descent in such heirs and distributees.

3. When the will is inoperative, and real estate relapses and passes to heirs by descent, they have a right to take it as real estate, and that right cannot be defeated by any act of the executors.

4. When a devisee has the right, within a specified time, to elect to take real estate or its proceeds, unless the devisee has elected to take the proceeds, the executors have no authority to sell such real estate within the prescribed time.

Buckner's ex'rs, &c., vs. Cromie's ex'rs.

Muir & Bijur,                                    For Appellants,

CITED—

3 *Bush*, 384–5, *and* 394; *Cromie's heirs vs. Louisville Orphans' Home, &c.*

*Act of* 1797, *sec.* 44, 1 *M. &. B.*, 666.

*Revised Statutes, sec.* 9, *art.* 1, *chap.* 37, 1 *Stanton*, 499.

Barr & Goodloe,                                For Appellees,

CITED—

*Revised Statutes, sec.* 9, *art.* 1, *chap.* 37, *and Amendment of* 1864, *Myers' Supplement, p.* 222.

3 *Marshall*, 131; *Anderson vs. Turner*.

1 *Morehead & Brown's Statutes, p.* 666.

7 *Mon.*, 304; *Dean, &c., vs. Dean, &c.*

10 *B. Mon.*, 272; *O'Neal, &c., vs. Beall.*

2 *Simmons & Stuart*, 238; *Tylden vs. Hyde.*

11 *Sum.*, 152; *Forbes vs. Peacock.*

JUDGE PETERS DELIVERED THE OPINION OF THE COURT:

Claiming the power under the will of Isaac Cromie, which was probated in the proper court in Louisville, the city of his residence, on the 16th of August, 1865, John Gill and William Cromie, who had qualified as the executors of said testator, on the 1st day of September, 1865, undertook to sell and convey to James P. Buckner, now deceased, valuable real estate in the city of Louisville, the property of said testator, for the sum of $28,500, all of which has been paid to said executors.

In the early part of the year 1869, after he had paid all the purchase money for said property to said executors, and had accepted their deed for the same, James P. Buckner departed this life, having first made and published his will, in which he appointed Henry S. Buckner his executor. The will was probated, and the nominated

executor qualified on the 5th of March, 1869, and, on the 7th of April afterwards, this action was brought by the executor and devisees of Buckner against the executors of Isaac Cromie, alleging the foregoing facts, and charging that the defendants to said action (now appellees) had no power to make the sale and conveyance to their testator, James P. Buckner, and that he acquired no title to the property thereby; that the executors of Cromie had not settled their accounts as such, and had not distributed the estate of their testator, and prayed that the attempted sale should be set aside on equitable principles and for general relief.

The petition was demurred to by appellees. The demurrer was sustained by the court and appellants; having declined to tender an amendment, their petition was dismissed, and they have appealed.

The executors of Cromie claim the power as being directly conferred on them under the sixth clause of his will, which is in the following language : "I give, devise, and bequeath all the rest and residue of my estate, real and personal and mixed, of which I shall be seized and possessed, or which I shall be entitled to at the time of my decease, in as nearly equal amounts or parts as may be—say one half to the Presbyterian Orphan Asylum of Louisville, and the remaining half to the House of Mercy of the city of New York, to be divided equally within two years, or sold within five years, and the proceeds accruing to be divided as previously set forth."

And furthermore, that the intention of the testator to confer the power on his executors is shown by that part of the second clause of the will, in which $6,000 are bequeathed to his sister, to be paid her within twelve months, if the same can be realized from the sale of any of my estate without unnecessary sacrifice, &c.

The will of Isaac Cromie is no stranger to this court. The case of *Cromie's heirs vs. Louisville Orphans' Home Society, &c.*, reported in 3 *Bush*, 365, involved the legal interpretation and effect of said will. In that case it was expressly decided by this court, that the institution or corporation, denominated in the sixth clause of the will *The House of Mercy of the city of New York*, took no part of the real estate of the testator. It was so adjudged in the following language : " *None of the real estate devised to that corporation should, therefore, be adjudged to it in this case, but relapses to the testator's heirs, and should be decreed to them.*"

If one half of the real estate of the testator did not pass at all by his will, but relapsed to his heirs, the title vesting absolutely in them, and no express power given the executors to sell it, it seems to result, necessarily, that the sale and conveyance to appellant's testator was without authority. If the one half of the said Cromie's real estate passed to his heirs by descent, the will as to that, being inoperative, they have a right to take it as real estate, and that right cannot be defeated by any act of the executors. But, besides that, in the clause of the will quoted, the Orphans' Asylum of Louisville have the right to elect, within two years from the probate of the will, to take the one half of the real estate, instead of the proceeds thereof; and if the devise had been good to the other corporation, it would have had the same right; so that, under any state of case, the executors could not have sold the real estate, if these institutions elected to take it. They had two years to make that election in, and, until the expiration of that period, there was no power of sale anywhere, unless the election had been made before the expiration of the time. The alleged sale was made in less than two

months after the probate of the will. From all that appears, the attempted sale was made without any power in the executors therefor; and, consequently, the demurrer should have been overruled.

Wherefore, the judgment is reversed, and the cause is remanded for further proceedings consistent herewith.