CASE 51.—ACTION BY MARY STRATTON AND OTHERS AGAINST J. C. STRATTON AND OTHERS FOR PARTITION AND SALE OF LANDS.—January 21.

## Bayne, &c., v. Stratton, &c.

Appeal from Shelby Circuit Court.

C. C. MARSHALL, Circuit Judge.

From a judgment confirming the sale J. C. Bayne, the purchaser, appeals—Reversed.

1. Insane Persons—Process—Service.—Civil Code Practice section 53, provides that if defendant be of unsound mind the summons must be served on him and on one of the following named persons, if residing in the county, viz.: On his committee; or if he have no committee, on his father; or if he have no father, on his guardian; or if he have no guardian, on his wife; or if he have no wife, on the person having charge of him. Held that, where a lunatic having no father, guardian, or wife was confined in an asylum, the person

Bayne, &c., v. Stratton, &c.

having charge of him was the superintendent of the asylum, and service of process on the lunatic only gave the court no jurisdiction over him so as to authorize the appointment of a guardian ad litem

2. "If Residing in the County."—The words "If residing in the county," as used in Civil Code Practice, section 53, providing that, "If defendant be of unsound mind the summons must be served on him and on one of the following named persons, if residing in the county, viz.: * * * Or if he have no wife, on the person having charge of him"—refer to the county where defendant is when served.

3. Executors and Administrators—Real Property and Interests Therein—Partition and Sale of Land.—Where there are no debts to be paid out of the real estate, the personal representative has no interest in the sale of the land or the division of the proceeds among the heirs at law.

4. Process—Sale—Judgment of Sale—Pleadings to Sustain.— Though by Civil Code Practice, section 490, a vested estate in real property, jointly owned by two or more persons, may be sold in an action brought by either of them, if the estate be in possession, and the property cannot be divided without materially impairing its value, or the value of plaintiff's interest therein, a sale of land may not be procured where plaintiffs have no interest therein, and hence, where in an action between heirs for partition plaintiffs alleged that the land could be divided without materially impairing its value so as to set aside to plaintiff's their part thereof, but that the balance could not be divided, a sale of such balance was unauthorized, though one of defendants answered, joining in the prayer of the petition; there being no process on such pleading

5. Infants—Property—Sale of Land—Jurisdiction of Court.—The court has no inherent power to sell the land of infants; its jurisdiction coming from the statute, which must be complied with.

6. Infants—Property—Sales—Compliance with Statute.—The sale of an infant's land in a proceeding not warranted by Civil Code Practice, section 489, does not bind the infant though beneficial to him, and the purchaser will not be required to accept the title or pay for it.

7. Insane Persons—Property—Sales.—The sale of the land of a lunatic not before the court does not bind the lunatic, though beneficial to him, and the purchaser will not be required to accept the title or pay for it.

Bayne, &c., v. Stratton, &c.

P. J. BEARD for appellants.

For the following reasons then we submit that the sale had herein was void.

1. Because the court had no authority or jurisdiction to sell the lands allotted to the defendants in the proceeds of which the plaintiffs had no interest.

.2. Because Jackson Stratton was not before the court, he not having been summoned in the manner provided by section 53 of the Civil Code.

3. Because there was no proof at all in the record that the lands that were allotted to the defendants could not be divided among the defendants without materially impairing the value of the land.

The certificate to the depositions was not signed by any official.

The depositions attempted to be taken were taken before the Commissioners acted, and before their report was filed or confirmed, and the witnesses testified before it was ascertained what lands would be allotted to the defendants, and therefore could have known nothing about whether the lands that were afterwards allotted to the defendants could be sold without materially impairing their value.

## AUTHORITIES CITED.

Civil Code of Practice, sec. 53; Civil Code of Practice, sec. 490; Hill, &c., v. Cornwall & Bros. Assignees, 95 Ky. 538; Phillips v. Spaulding's Gdm., 31 Ky. Law Rep. 582; Keene v. Tilford, 81 Ky. 600; Malone v. Kahn, 15 Ky. Law Rep. 2199; Gill v. Lane, 26 Ky. Law Rep. 269; Harting's Exor. v. Milward, 28 Ky. Law Rep. 779; Porter v. The Eastern Ky. Asylum, 28 Ky. Law Rep. 796; Hulseweed v. Churchman's Exor., 23 Ky. Law Rep. 487; Elliott v. Fowler, Gdn., 23 Ky. Law Rep. 1677-1678-1686.

E. B. BEARD for appellees.

I contend that the statutes have been substantially complied with in this case and that the order overruling the exceptions and confirming the sale should be affirmed:

1. Because the court had jurisdiction of the subject matter and of all the parties to the suit, when the action was filed, and a citation to the defendants to appear was had, and a defense was made, on behalf of the infants and the lunatic, and that all of the parties to the suit were joint owners in the land that was

sold, and that one of the defendants came in by answer and joined in the prayer of the petition, and asked for a sale, and the court having jurisdiction, the judgment was not void.

2. Because the proof taken before the judgment was rendered, was deemed sufficient by the court and the proof and report of Commissioners was in fact sufficient to judicially satisfy the mind of the court; that the prayer of the petition should be granted, and the results all show that this was true in the beginning.

3. That the judgment not being void, even if erroneous, a sale was made under it which is shown to be highly beneficial to all of the parties, should not be set aside, because the judgment is erroneous. For these reasons, I respectfully ask that this case be affirmed.

### AUTHORITIES CITED.

Civil Code, sec. 494, subsec. 7; Hill v. Cornwall Bros., Assignees, 95 Ky. 583; Hastings' Exor. v. Milward's Exor., 28 Ky. Law Rep. 779; Talbott v. Campbell, 23 Ky. Law Rep. 2199; Yocum v. Foreman, 14 Bush 500; Hess v. Deppen, 31 Ky. Law Rep. 15; Parker's Heirs v. Anderson's Heirs, 5 T. B. Monroe 445; Clark v. Bell, 4 Dana 95; Shackelford v. Hunt, 4 B. Monroe 262; Gossom v. Donaldson, 18 B. Monroe 230; Freeman on Executions, sec. 346; Rorer on Judicial Sales, secs. 590, 599; 24 Ky. Law Rep. 2240; Allison v. Taylor & Washbourne, 6 Dana 88; Downing v. Thompson's Exor, 28 Ky. Law Rep. 1183; Weakley v. Middelton, 30 Ky. Law Rep. 571.

OPINION OF THE COURT BY JUDGE HOBSON—Reversing.

T. E. Stratton and R. Y. Stratton, his brother, owned jointly a tract of 172 acres of land in Shelby county. T. E. Stratton died on March 2, 1907, and R. Y. Stratton died on September 14, 1907. They left surviving them a sister, Mary Stratton, a brother, J. C. Stratton, a lunatic brother, Jackson Stratton, and six nephews and nieces, the children of a deceased brother. T. E. Stratton left a will by which he devised his half of the land to his sister, Mary, for life, and at her death to two of the nephews, E.

B. Stratton, and R. E. Stratton.  R. Y. Stratton died
intestate, and his half of the land descended to his
sister, the two brothers, and the children of the de-
ceased brother.   This suit was brought by Mary
Stratton, E. B. Stratton, R. E. Stratton, and E. J.
Doss as the personal representatives of R. Y. Strat-
ton and T. E. Stratton.   They alleged in the petition
the facts above stated, and showed that all the debts
of T. E. Stratton were paid by R. Y. Stratton before
his death; that R. Y. Stratton at his death owed a
few small debts, but that his personal estate was more
than sufficient to pay them.   They alleged that the
land could be divided without materially impairing
its value so as to set aside to Mary Stratton, E. B.
Stratton, and R. E. Stratton their part of the land, but
that the remainder of the land could not be divided
among the other heirs at law of R. Y. Stratton with-
out materially impairing its value, and it would be
to the best interest of all of the other heirs that the re-
mainder of the land be sold and the proceeds divided.
They made defendants to the petition the brother
J. C. Stratton, the lunatic, Jackson Stratton, and the
other four nephews and nieces, three of whom were
infants under 21 years of age.   J. C. Stratton, the
brother, filed an answer to the petition, in which he
admitted its allegations to be true, and joined in the
prayer of the petition for a division of the land and
a sale of the part belonging to the defendants as
prayed therein.   The guardian ad litem for the in-
fants filed a similar answer.   The court appointed
commissioners who went upon the land and made a
division of it, allotting to the plaintiffs Mary Strat-
ton and her two nephews, E. B. Stratton and R. E.
Stratton about 95 acres of the tract, and to the de-
fendants the remainder.   The court thereupon en-

tered an order for a sale of that part of the land
which had been allotted to the defendants on the
ground that it could not be divided between them.
The sale was made, and J. C. Bayne became the pur-
chaser at the price of $7,671.63. The sale was re-
ported to the court. Bayne filed exceptions to the
sale. His exceptions were overruled, the sale was
confirmed, and he appeals.

Section 53 of the Civil Code of Practice provides,
among other things, as follows: "If the defendant be
of unsound mind the summons must be served on him
and on one of the following named persons, if resid-
ing in the county, viz: On his committee; or, if he
have no committee, on his father; or, if he have no
father, on his guardian; or, if he have no guardian,
on his wife; or, if he have no wife on the person
having charge of him." The lunatic, Jackson Strat-
ton, was confined in an asylum. He had no father
or guardian or wife. The person having charge of
him was the superintendent of the asylum. The
process was served on the lunatic, and no one else.
The service of the process on the lunatic in the
asylum, without service on any other person named
in the statute, did not bring him before the court, or
give the court jurisdiction over him. He not being
before the court, the order of the court appointing
a guardian ad litem for him was unauthorized, and
the report of the guardian ad litem added nothing
to the unauthorized proceeding. The lunatic, Jack-
son Stratton, is not before the court, and the excep-
tions of the purchaser to the sale on this ground
should have been sustained. The words "if residing
in the county" in section 53 refer to the county where
the person of unsound mind is at the time he is
served. Otherwise the summons could rarely be

served on the person having charge of him where he was not in the county in which the action was brought. The service on the lunatic himself is in many cases wholly valueless, for his protection and the requirement of service on one of the other persons named in section 53 is essential to the protection of this unfortunate class of persons. Jurisdiction can only be obtained over them by service of process in the manner provided by law; and, when the process is not served, the court is without power to make any order affecting them in any way.

There is another defect in the proceeding. Doss, as personal representative when there were no debts to be paid out of the real estate, had no interest in the sale of the land or the division of the proceeds among the heirs at law. Mary Stratton, E. B. Stratton and R. E. Stratton, when their part of the land was allotted to them, had no interest whatever in the remainder of the tract, which was allotted to the infants, the lunatic, and two other persons. By section 490 of the Civil Code of Practice a vested estate in real property jointly owned by two or more persons may be sold, in an action brought by either of them, if the estate be in possession, and the property can not be divided without materially impairing its value or the value of the plaintiff's interest therein. But here the plaintiffs had no interest whatever in the land ordered to be sold, and to allow a person who has no interest in the land to procure a sale would be a palpable abuse of the statute. It is true that J. C. Stratton, who did own an interest in the land, filed an answer, in which he joined in the prayer of the petition, but there was no process on this pleading. The sale was not made on any proceeding instituted by him. It is a familiar rule that the court has

no inherent power to sell the land of infants, that its jurisdiction comes only from the statute, and that it has no power to sell where the statute has not been complied with. By section 489 of the Civil Code of Practice an infant or a lunatic's land may be sold in the manner therein pointed out, but manifestly there was no attempt to comply with this section. It is earnestly insisted that the sale is beneficial to the infants and to the lunatic, and although it is erroneous, it was not void, and that the purchaser should be required to take the title. We can not concur in this view. The lunatic is not before the court. The sale of the infant's land has been ordered in a proceeding not warranted by the statute. Neither the lunatic nor the infants are 'bound by the sale, and the purchaser should not be required to accept such a title or to pay for it. On the return of the case to the circuit court the division of the land will be set aside, as Jackson Stratton was not before the court when it was made; and the plaintiffs will be allowed to amend their petition by joining with them J. C. Stratton as party plaintiff and conforming their proceeding to the provision of the statute. The proof taken on behalf of the plaintiffs does not sufficiently show that the land belonging to the defendants can not be divided without materially impairing its value, or the value of the interest therein of the party asking the sale.

Judgment reversed, and cause remanded, for further proceedings consistent herewith.