## Alexander, Administrator, et al. v. Hendricks, et al.

(Decided January 25, 1924.)

### Appeal from Simpson Circuit Cuort.

1. Wills—Property Devised, with Power of Disposal, Gift in Fee.— Where property is devised to one generally or indefinitely, with the power and right to dispose of it as the devisee sees fit, it is a gift in fee, and limitation over of what remains undisposed of at the death of the devisee is void.

2. Wills—Devise with Power of Disposal and with Limitation Over Held to Give Title in Fee.—Under a will giving property to wife generally, and providing that property left by her undisposed of should vest in and pass to certain of testator's kindred, this clause, however, not to be construed as a limitation on the wife's fee and full power to dispose of the property at discretion by deed or will, held, that the wife took a fee, and not a life estate.

3. Executors and Administrators—Personal Representative Cannot be Ordered to Sell Real Estate.—There is no authority for a court to direct a personal representative of a decedent's estate to sell the real estate, except where the will specifically delegates the authority to the personal representative to sell and convey the real estate.

4. Executors and Administrators—Judgment—Judgment Ordering Sale of Land of Deceased should Describe it and Contain Statutory Provisions.—Judgments should be specific, and if they are uncertain to such an extent that they cannot be intelligently carried out, without any doubt as to their meaning, they are void; and this rule applies to an order directing personal representative of a decedent to sell real estate, which should describe the land, and comply with Civil Code of Practice, section 696, requiring statement of the terms of sale, etc.

5. Executors and Administrators—Administrator Must Comply with Statute in Sale of Stocks and Bonds.—In order for administrator to convey good title to stocks and bonds owned by the estate of decedent, it is necessary for him to comply with Ky. Stats., sec-

tion 4707, providing for such sales by trustees under order of court of general equity jurisdiction.

JOHN S. MILLIKEN and MATT O'DOHERTY for appellants.

LAWRENCE B. FINN for appellees.

OPINION OF THE COURT BY JUDGE ROBINSON—Affirming in part and reversing in part.

N. B. Alexander, administrator with the will annexed of the estate of Mrs. Marietta G. Peden, deceased, and N. B. Alexander and L. P. Steele, administrators with the will annexed of the estate of C. R. Peden, deceased, filed suit in the Simpson circuit court against James S. Hendricks and a number of other persons in which they sought a construction of the wills of C. R. Peden, deceased, and his wife, Marietta G. Peden, deceased.

The will of C. R. Peden was executed on May 13, 1887, and he died in 1920, at the age of 91.

Items 2 and 3 of the will of C. R. Peden, over which this controversy has arisen, are as follows:

"Item 2. I will, bequeath and devise all of my estate of every sort, real and personal, to my beloved wife, Marietta G. Peden, absolutely and in fee, to use, enjoy and dispose of by will or deed at her own discretion and without limitation. This is intended to embrace all the estate which I now have or may hereafter have, whether in or out of this state. I now own small property in Garden City, Kansas, and some land in Finney county, of said state, all of which she is to have in fee, with full power to convey same by will or deed; and it is my will that she is to have in the same way and with like powers any other estate, real or personal, which I may acquire in Kentucky, or elsewhere."

"Item 3. It is my will that if my said wife should die leaving any of my estate real or personal unused and undisposed of by will or deed, that such property, so by her left undisposed of, shall at her death pass to and vest in the kindred of both as follows: All of such property as came through me, or is the fruits of my estate, shall revert to and vest in my brothers and sisters and their descendants, 'per stirpes,' and all of such property as came through my wife or her parents or is the fruits of

same shall revert to and vest in her next of kin—this clause is, however, in no event to be construed as a limitation upon my wife's fee in and full power to dispose of all of my property of every sort at discretion by deed or will.''

Marietta G. Peden (widow of decedent) died in 1922, aged 81; and her will, which was dated January 25, 1896, was probated in the Simpson county court on February 20, 1922, in which she devised the greater part of her estate (but not all) that she acquiredunder the will of her husband, who died two years prior to this time.

All of the appellants, except the administrator aforesaid, are the heirs at law of C. R. Peden and claim they are entitled to possession of all the real and personal estate of which C. R. Penden died seized, alleging that Marietta G. Peden took only a life estate in same; and it is further claimed by appellants that because of the fact that Marietta G. Peden did not dispose of the entire estate left her by the will of C. R. Peden she did not take an absolute fee therein but only a life estate.

In its judgment the lower court held that by the terms of the will of C. R. Peden, deceased, his entire estate passed at his death to and became the absolute property of his wife, Marietta G. Peden, who thereupon became vested with the fee simple title to such property or that she had power to sell and convey same, and to the extent that she did not do so her legatees and heirs took the bequest provided for them under her said will and to the extent that she failed to dispose of her estate by will, any remaining should be distributed among her heirs at law according to the law of descent and distribution.

It is very earnestly argued for appellants that Mrs. Marieta G. Peden only took a life estate under the will of her husband because in item 3 of said will he provided that such property left by her undisposed of should vest in and pass to certain of his kindred. However, it will be observed that in the closing words of this same paragraph he says: ''.  .  .  this clause is, however, in no event to be construed as a limitation upon my wife's fee in and full power to dispose of my property of every sort at discretion by deed or will.''

This court has uniformly held that where property is devised to one generally or indefinitely with the power and right to disposeof it as the devisee sees fit, it is a gift in fee and the limitation over of what remains un-

disposed of at the death of the devisee to whom the estate is given in fee is void.

There is absolutely nothing in the third paragraph of the will indicating that the testator intended that his wife should have only a life estate in the property left her by him, nor is there any limitation to curtail or restrict her in any manner as to her right and power to dispose of it as she saw fit; and in fact it is clearly apparent that C. R. Peden fully intended to leave everything of which he might die possessed to his wife, and took especial care in the wording of his will to provide that she should have it in fee and dispose of it as she desired, unhampered by restrictions of any kind or character; and after this absolute devise to her there could have been no limitation as to her rights by directing the disposition of any remainder at her death, as it was said by the court in Plaggenborg v. Molendyk's Admr., 187 Ky. 509, 219 S. W. 438:

> "It is the settled rule in this state that where property is devised to one absolutely with the power of unlimited disposition, the limitation over of what remains undisposed of is void."

In Ewering v. Ewering, 199 Ky. 450, 251 S. W. 645, it is said:

> "Following the ancient rule the courts of some of the states, including some early opinions from this one, held that when an absolute fee was first given, and which includes the unlimited power of disposition, it could not be limited or cut down by a following or subsequent clause; but more recently this court has held that, since a will is not complete until all of it is written and duly executed by the testator, and since the first clause giving an absolute estate is not effectual for any purpose until the will is executed, and if the testator before doing so inserts a sentence or clause qualifying the absolute one and thereby manifesting his purpose and intention not to devise an absolute estate by the first sentence or clause he used, his intention so manifested would be given effect; but, if the subsequent clause was so worded as not to destroy the power of the devisee to exercise the chief right of an absolute owner to dispose of and consume the property, it would be construed as not qualifying or limiting the absolute estate first given,

and, therefore, ineffectual for any purpose. If, however, the subsequent clause was such as to destroy the power of disposition in the first and apparent absolute taker, and itself made disposition of the entire property after his death, then he would take only a life estate, the same as if it was expressly so stated in the will, upon the ground that such a construction clearly conformed to the plainly manifested intention of the testator. When, therefore, a will devises or bequeaths property to one absolutely, and in a subsequent clause *all of the same property* is disposed of to others after the death of the first taker, the latter will be deemed as having only a life estate in it, but if the limiting clause purports only to dispose of that portion of the property which the first taker does not consume or dispose of and, therefore, operates only on some remaining portion of it, it will be given no effect and the first taker will be deemed as taking an absolute estate, since in that event his absolute estate with the accompanying right to dispose of the property is not curtailed or diminished in any respect."

See Trustees Presbyterian Church, Somerset v. Mize, 181 Ky. 567, 205 S. W. 674; Barth v. Barth, 38 S. W. 511, 18 R. 840; Thurmond v. Thurmond, 190 Ky. 582, 228 S. W. 29.

It will appear from the closing words of paragraph 3 of C. R. Peden's will that so tender was his regard for his wife's interests and so desirous was he that she should receive in fee all and every part of his estate that these words were employed, in referring to the paragraph wherein he had said that at his wife's death should any of his property remain undisposed of it should be given to his next of kin: "  . . .  this clause is, however, in no event to be construed as a limitation upon my wife's fee in and full power to dispose of all of my property of every sort at discretion by deed or will."

Under the authorities cited and by virtue of a well established rule of construction employed in interpreting the significance of wills, the court feels that it was the intention and evident desire of C. R. Peden to convey his estate in fee to his wife, Marietta G. Peden, and the judgment of the lower court should be affirmed.

In the will of Marietta G. Peden dated January 25, 1896, in item 6, she directs: "  . . .  and I hereby ap-

point Charles Haiden Snider trustee to manage this fund, and at his death I request the honorable judge of the Simpson county court to appoint some good, sober and discreet man as his successor.''

After considering the will of Marietta G. Peden, the court appointed N. B. Alexander as administrator of the will of Marietta G. Peden with will annexed and the following is a part of the judgment relative to the sale of the personal property and real estate, and from which an appeal is prosecuted:

> "The administrator shall at once convert all the personal property of the said Mrs. Peden's estate into cash by selling same, either at public or private auction, and he shall sell at public auction all the real estate owned by Mrs. Peden at the time of her death, consisting of said 200 acres, the 100 acre tract, formerly jointly owned by Mrs. Peden's father and husband, shall be sold separately and the entire tract then sold jointly, the bid yielding the most to be accepted and one-half of the sum bid for the 100 acres jointly owned as aforesaid, shall be set apart as the price obtained for the Peden 50 acre tract of land mentioned in her said will and to this sum there shall be added the eleven thousand dollars mentioned in her will, which sum shall be distributed as follows: . . .''

This appeal further raises the question as to the right of the administrator under the will of Marietta G. Peden to carry out the provisions of the judgment herein by selling the personal or real estate at public or private auction and to distribute the proceeds of same in accordance with the directions of said judgment.

We can find no authority at law authorizing the court to direct a personal representative of the decedent's estate to sell the real estate belonging to said decedent except in cases where the will specifically delegates the authority to the personal representative to sell and convey the real estate.

In the case of Sauer v. Taylor's Exor., 184 Ky. 609, 212 S. W. 585, the court said:

> "It is a matter of common knowledge, that an administrator can not sell and has no duty to control the real estate of the decedent. While he can do so, it is very unusual and uncommon for a testator, or

any other person expecting to die, to request the appointment, by a court, of any particular person, as his administrator. No obligation would rest upon the court to grant such a request, and in fact, the statute provides the order of precedence among persons who shall have a right to the office of administrator. While an administrator with will annexed is clothed with the powers of an executor, and may sell and convey real estate, if authorized by the terms of the will to do so, section 3892, Ky. Stats., it is very clear, that the testator did not have in mind the mere nomination of an administrator of his estate, because such person would not and could not be authorized to sell and convey the real estate, by any court, and an administrator appointed by the court, under the statute, would have the same powers, as one nominated by the testator. The manifest intention of the testator was to nominate a personal representative, who would be clothed with the powers, delegated to him by the will, among which was the power to sell and dispose of all his property, including the real property. He was doing the usual thing when a testator desires a particular person for the executor of his will—that is, he was nominating him in his will, and, if it should be construed, that he was intending his brother to be an administrator, he was doing an unusual and altogether a fruitless thing. It is very clear that it was the testator's intention to nominate William M. Taylor as the executor of his will—that is, the person to be clothed with the powers to execute the will.''

And we find in Bayne, etc. v. Stratton, etc., 131 Ky. 494, 115 S. W. 728, the court said:

''Where there are no debts to be paid out of the real estate, a personal representative has no interest in the sale of land or the division of the proceeds among the heirs at law.''

See also Buckner's Ex'rs, etc v. Cromie's Ex'rs, 5 Bush 603.

A careful examination of the pleadings and exhibits in this case fail to disclose any description whatever of the real estate ordered to be sold, and in fact there is not even a statement in the records showing in what state

or county it is situated. Judgments should be specific, and if they are uncertain to such an extent that they can not be intelligently carried out without any doubt as to their meaning, they are void; and this rule would seem to apply in this case. See 23 Cyc. 671:

> "Certainty of determination. It is necessary to the validity of a judgment that it should be certain and definite, or be capable of being made so by proper construction."

And also in the case of Neff v. Covington Stone & Sand Co., 108 Ky. 457, 56 S. W. 723, this court said:

> " . . . and we have also concluded that under previous decisions of this court a judgment of sale should sufficiently identify the property, without reference to the pleadings or other papers filed in the action."

Also in Meyer v. City of Covington, 103 Ky. 546, 45 S. W. 769:

> "There should be a sufficient description of the real estate ordered to be sold as will enable the purchaser or bidders to know with reasonable certainty what property was being offered for sale, and the report of the commissioner should in like manner be sufficient to the end that there should be no controversy after the sale as to what property was sold or purchased . . . The judgment should be explicit in regard to the property ordered to be sold, as well as to the time, terms, and place of sale, so that the commissioner should not be required to look to any other paper or order for directions. If the commissioner should be allowed to look to anything other than the judgment as his guide, he might very innocently sell property not adjudged to be sold, or sell it upon terms not authorized by law."

It might possibly be contended that Mrs. Peden in clause 12 of her will in authorizing the sale of 50 acres of land sufficiently described it, but with this we cannot agree, and conclude that there is absolutely no authority in either the will of C. R. Peden or of Marietta G. Peden to authorize the conclusion that there was ever any intention by either testator to authorize the sale of the re-

maining 150 acres of land by their personal representative.   See 24 C. J. 167:

> "If the power given is to sell only certain specified realty, or only a certain part of the realty, the executor cannot sell any of the other realty without an order of court, unless a power of sale in respect thereto can be fairly implied."

And if the administrator is not authorized by the wills to make a disposal of the property, it must be by a judicial sale that is ordered; and this being true, the judgment certainly does not measure up to the rules laid down by the Civil Code of Practice, which in section 696 provides:

> "Every sale made under an order of court must be public, upon reasonable credits to be fixed by the court, not less, however, than three months for personal, nor six months for real property; and shall be made after such notice of the time, place and terms of sale as the order may direct; and, unless the order direct otherwise, shall be made at the door of the courthouse of the county in which the property, or the greater part thereof may be situated; and the notice of sale must state for what sum of money it is to be made."

The court is further of the opinion that in order to convey good title to the stock and bonds owned by the estate of decedent, Marietta G. Peden, it will be necessary for the administrator to comply with section 4707 of Kentucky Statutes.

Therefore, the judgment should be and is affirmed as to the construction of the will of C. R. Peden giving to Mrs. Marietta G. Peden a fee simple title to all the property left by him with no limitation whatsoever.

The part of her estate specifically devised and bequeathed by Mrs. Peden should go to those named by her or to their heirs, and the remainder undevised should be distributed among all her heirs.

And as to that part of the judgment directing the sale of the real and personal property, it should be and is hereby reversed.