Paulson, Appellant, vs. Paulson, Respondent.

*October 4—November 9, 1954.*

640

For the appellant there was a brief by *Leo W. Slensby*, attorney, and *William B. Rubin* of counsel, both of Milwaukee, and oral argument by *Mr. Rubin*.

For the respondent there was a brief by *Fairchild, Foley & Sammond, Vernon A. Swanson,* and *Harrold J. McComas,* all of Milwaukee, and oral argument by *Mr. Swanson* and *Mr. McComas*.

GEHL, J. If it be determined that the provision of the judgment is valid it follows that it is not necessary to determine the questions of present jurisdiction and practice which are raised by defendant.

Petitioner construes the judgment as depriving the minor son of support and as operating to relieve the father from the obligation to support him. Consequently, it is contended that the provision is void. Her contention cannot be sustained. Sec. 247.24, Stats., provides that in rendering a judgment for divorce the court "*may* make" further provision therein concerning the maintenance of the minor children of the parties. It is not required that such provision be made.

Assuming that she correctly construes the provision, it is not void. A judgment in a divorce case must be read and construed in the light of the applicable statutes. Had the court expressly and unequivocally directed by the terms of the judgment that the father should be relieved from the obligation to support the child, the determination would not have been conclusive and final nor would it be void. Under the provisions of sec. 247.32, Stats., revision of the judgment

might upon proper showing have been had at any time during the lifetime of the father. *Lessig v. Lessig,* 136 Wis. 403, 117 N. W. 792.

The court had jurisdiction of the parties and of the subject matter. It had the power to grant to the plaintiff an allowance for the support of the child of the parties or to withhold such grant. If the allowance made was inadequate or even if it be construed as no allowance at all, it was merely erroneous. It might have been corrected by appeal or by a motion to modify, but it is not open to a motion to vacate it as void.

*By the Court.*—Order affirmed.