## EVERETT R. ALVIN AND ANOTHER v. A. W. JOHNSON AND ANOTHER. ALECK NORDQUIST, APPELLANT.[1]

July 22, 1955.

No. 36,517.

*Carl K. Lifson,* for appellant.

*S. Bernhard Wennerberg* and *A.M. Bullis,* for plaintiffs-respondents.

*James M. McGuire,* for defendant-respondent.

CHRISTIANSON, JUSTICE.

Appeal from an order of the district court denying appellant's motion to vacate a judgment.

This is the second appeal in this case. The original action was brought to establish a prescriptive easement for a right of way over

[1]Reported in 71 N. W. (2d) 667.

the land of defendant Aleck Nordquist and another. The case was tried by the district court and a judgment was entered on May 26, 1953, establishing the validity of the prescriptive easement. From the judgment, Nordquist appealed to this court and we affirmed the judgment in an opinion dated February 19, 1954. Alvin v. Johnson, 241 Minn. 257, 63 N. W. (2d) 22. On June 22, 1954, Nordquist moved the trial court to have the judgment vacated. The trial court denied the motion to vacate the judgment and Nordquist appeals from the order denying the same.

Nordquist's contention in support of his motion to vacate is that the judgment is void because it fails to define the exact width of the prescriptive easement. He also contends that the judgment is no longer capable of corrective modification under Rule 60.02 of Rules of Civil Procedure and that it is therefore void and unenforceable and should be vacated and set aside.

Nordquist cites numerous cases discussing the validity of judgments which do not fully and completely define the limits of easements. However, since none of the authorities cited support his contention that the judgment entered in the instant case is void, it is unnecessary to discuss them in detail.[2] It is sufficient to point out that, even if it be deemed that that portion of the judgment which states that the easement should be "of a width for reasonable use thereof" is too vague and indefinite in its present form, it may be clarified by the tribunal which ordered it. The existence of this

---

[2]Appellant also cites Shepherd v. Pepper, 133 U. S. 626, 10 S. Ct. 438, 33 L. ed. 706; Waldron v. Harvey, 54 W. Va. 608, 46 S. E. 603; Hearne v. Erhard, 33 Tex. 60; Alexander v. Hendricks, 201 Ky. 677, 258 S. W. 81; Saline Drainage Dist. v. Sanitary Dist. 395 Ill. 26, 69 N. E. (2d) 251, 167 A. L. R. 1210, for the proposition that a judgment affecting real estate which is unenforceable for failure to describe the property is void. However, the only defect in the judgment in the instant case is that the description of the width of the easement is in terms of a "width for reasonable use thereof" instead of establishment of a definite boundary. While the judgment in question may require clarification for purposes of certainty and avoidance of future litigation between the parties over what constitutes a "width for reasonable use," as distinguished from the foregoing cases it is not so devoid of description as to be totally unenforceable.

remedy was recently recognized by this court in Stieler v. Stieler, 244 Minn. 312, 318, 70 N. W. (2d) 127, 131. We there held that a divorce decree may be interpreted and clarified by the court which ordered it, in order to determine ownership of United States Series E Bonds, even though the divorce decree in question did not mention the bonds at all in settling the property rights of the parties.

The instant case presents an even more appropriate occasion for the trial court to interpret its judgment since here the judgment dealt directly with the problem of determining the width of the easement. As previously noted, the judgment provided that the easement should be "of a width for reasonable use thereof." If, as Nordquist suggests, this description of the width of the easement is not sufficient, the defect may be remedied by moving the trial court to clarify its judgment by defining the exact width of the easement. At a hearing upon such a motion, parol evidence may be received and considered for the purpose of determining what was intended by the judgment and to evolve a more definite expression thereof. See, Stieler v. Stieler, 244 Minn. 312, 70 N. W. (2d) 131, and cases there cited.

By clarifying its judgment in this manner, the district court is neither permitting a collateral attack upon, nor granting relief from, its judgment in violation of the statutes or rules of civil procedure of this state. Stieler v. Stieler, *supra*. But rather, the motion to interpret or clarify the judgment constitutes a recognition of the validity of the judgment since no issues will be relitigated.

The order denying appellant Nordquist's motion to vacate the judgment should be affirmed.

Affirmed.