## STELLA G. PALMI v. SULO J. PALMI.

140 N. W. (2d) 77.

January 21, 1966—No. 39,721.

*Rodney J. Edwards* and *Hoag & Edwards,* for appellant.
*David S. Bouschor* and *Bouschor & McNulty,* for respondent.

NELSON, JUSTICE.

Appeal from an order construing a divorce decree entered in an action commenced by Stella G. Palmi against her husband, Sulo J. Palmi. The petition for construction of said judgment by Stella G. Palmi was occasioned by her husband's claim that he was entitled to $2,000 plus one-half of the proceeds of any sale of a house owned jointly by the parties.

The original decree provided in part as follows:

"3.   That plaintiff is awarded the household goods and furnishings, the Ford pickup, the Ford automobile, and the possession of the family homestead as long as she occupies the same as her home or for the purposes for which it is presently operated; that when plaintiff ceases to occupy said residence as her home, or if she remarries, the defendant shall be entitled to receive the sum of $2,000.00, which is decreed to be a lien upon said homestead, to be paid upon the occurrence of the aforementioned contingencies, the plaintiff not being required to pay said amount or interest thereon as long as she occupies the place as her residence.

"4.   That neither party is entitled to alimony or support from the other."

The following memorandum was attached to the decree:

"While the award of the property to the plaintiff may seem disproportionate in view of the total disability of the defendant and the fact that all property was acquired during coverture, it quite clearly appears that the plaintiff has undertaken responsibility for the support of the family for the period after the total disability of the defendant, which disability was the result of a self-inflicted wound—whether inflicted intentionally or accidentally is unimportant—and during said period has, through her own efforts, discharged substantially all of the medical expenses incurred in connection with such injury, and has kept the family off of the relief rolls during that period. Defendant's necessities are taken care of by his Social Security status, and the award to him of the interest in the home, which is deferred to the expiration of the time when it will be necessary for the support of his children and of the plaintiff, is realistic. Should the plaintiff so desire, there would be no reason why she could not, if possible, raise this amount of money and clear the property, in which event it would be free of this lien."

The petition for construction was heard by the same judge before whom the original action was tried. Following the hearing an order was entered which provides in part as follows:

"It is ordered that said decree dated December 19, 1960 be construed to direct that defendant have an interest in the proceeds of the homestead of the parties in the gross sum of $2,000.00, which shall constitute his only

interest in the said homestead or the proceeds thereof, which homestead was held in joint tenancy prior to the hearing on the complaint of the plaintiff."

This was accompanied by the following memorandum:

"The decree perhaps might at first glance appear to have some ambiguity inasmuch as it does not recite the situation shown by the testimony that the property was owned in joint tenancy. However, when construed in connection with the memorandum, which was intended to be a part thereof, it would seem most clear that the intention is to give the defendant an interest in the total homestead to the extent of $2,000.00. The last sentence of the memorandum reads: *'Should the plaintiff so desire, there would be no reason why she could not, if possible, raise this amount of money and clear the property, in which event it would be free of this lien.'* The Court's reasons for the division of property were clearly set forth in that memorandum and were, as indicated, based substantially upon the fact that the plaintiff had, by her own efforts, not only cared for and supported the children of this marriage, thus discharging an obligation which was primarily that of the defendant, but, in addition, had paid substantially all of the medical expenses incurred on behalf of the husband as a result of the self-inflicted injury. *It was the Court's conclusion that except for the extraordinary efforts of the plaintiff, there not only would have been no property in the name of either party, but the parties would unquestionably have had to resort to public assistance. Defendant has his continuing entitlement to Social Security benefits, plus the $2,000.00 remaining from the proceeds of the property, and, except for plaintiff's efforts, would have had no interest in the property.*" (Italics supplied.)

The defendant contends on appeal that the judgment is clear and unambiguous upon its face and is therefore not open to interpretation or construction by the court; that it is only where the court finds that a judgment because of its language is of doubtful meaning or open to diverse construction that it may be clarified by the interpretation of the court. He contends that the judgment here took into account all the property owned by the parties. He argues that the order appealed from constitutes an amendment of the divorce decree entered pursuant to a motion to in-

terpret the judgment contrary to Rule 60.02 of Rules of Civil Procedure, which provides in part:

"* * * A motion under this Rule 60.02 does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as provided in Rule 4.043, or to set aside a judgment for fraud upon the court."

■ The statutes relating to alimony, support money, and division of property in divorce and annulment actions were recodified by L. 1951, c. 551 (Minn. St. 518.54 to 518.67). This included the power of the court to alter or change orders or decrees of divorce. Minn. St. 518.64.

Minn. St. 518.64 states:

"* * * Except for an award of the right of occupancy of the homestead, *all division of real* and *personal* property provided by sections 518.58 and 518.59 *shall be final,* and subject only to the power of the court to impose a lien or charge thereon at any time while such property, or subsequently acquired property, is owned by the parties or either of them, for the payment of alimony or support money, or to sequester the property as is provided by Minnesota Statutes 1949, Section 518.24." (Italics supplied.)

Section 518.58 reads as follows:

"Upon a divorce for any cause, or upon an annulment, the court may make such disposition of the property of the parties acquired during coverture as shall appear just and equitable, having regard to the nature and determination of the issues in the case, the amount of alimony or support money, if any, awarded in the judgment, the manner by which said property was acquired and the persons paying or supplying the consideration therefor, the charges or liens imposed thereon to secure payment of alimony or support money, and all the facts and circumstances of the case."

Section 518.59 reads:

"Upon a divorce for any cause, the court may also award to the wife the

household goods and furniture of the parties, whether or not the same was acquired during coverture, and may also order and decree to the wife such part of the real and personal estate of the husband not acquired during coverture, exclusive of future earnings and income, and not exceeding in present value one-half thereof, as it deems just and reasonable, having regard to the amount of property decreed to the wife under sections 518.56 and 518.58, the amount of alimony and support money awarded, if any, the character and situation of the parties, the nature and determination of the issues, and all other circumstances of the case."

In Kiesow v. Kiesow, 270 Minn. 374, 387, 133 N. W. (2d) 652, 662, this court said:

"The present case is governed by this statutory provision [§ 518.64], and under it the court was clearly without authority to change the division of the real property or the title thereto after the original divorce had been entered and the time for appealing therefrom had expired, * * *."

We held in Ruprecht v. Ruprecht, 255 Minn. 80, 96 N. W. (2d) 14, that the matter of awarding permanent alimony and support money rests in the sound discretion of the trial court. In the disposition of property acquired during coverture the court may, upon statutory authority, make such disposition as shall appear just and equitable, having regard to the nature and determination of the issues in the case. It is clear that the division of the property in divorce proceedings in this state is regulated solely by statute and the applicable decision law. See, Cloutier v. Cloutier, 261 Minn. 324, 112 N. W. (2d) 347; 3 Nelson, Divorce and Annulment (2 ed.) § 28.17.

This court in Simons v. Munch, 127 Minn. 266, 149 N. W. 304, said that in arriving at the meaning of a judgment or decree the judgment as a whole should be considered in interpreting any particular clause or sentence therein, and if so considered there be any doubt or it be open to two constructions, the pleadings and findings or verdict may be resorted to, and that construction given which harmonizes with the record.

In Stieler v. Stieler, 244 Minn. 312, 70 N. W. (2d) 127, this court held that where judgment is ambiguous or indefinite in its terms a party might move the court for an order for its interpretation and clarification

and it is within the province of such court to hear and determine the motion, and further said (244 Minn. 319, 70 N. W. [2d] 131):

"It has been held that the interpretation or clarification of a judgment, ambiguous or uncertain upon its face, involves neither an amendment of its terms nor a challenge to its validity [citations omitted], and that, where, because of its language, it is of doubtful meaning or open to diverse constructions, it may be clarified by the tribunal which ordered it."

At a hearing upon a motion for such purpose, parol evidence may be received and considered for the purpose of determining what was intended by the judgment and to evolve a more definite expression thereof. It was held to be error in the Stieler case for the trial court to refuse to consider the motion to interpret and clarify an ambiguous judgment and to give definite expression to that which was intended thereby, and to reject evidence submitted for such purpose in support of the motion. See, also, Alvin v. Johnson, 245 Minn. 322, 71 N. W. (2d) 667, following Stieler.

■ In Parten v. First Nat. Bank & T. Co. 204 Minn. 200, 283 N. W. 408, 120 A. L. R. 862, this court held that if a judgment or decree is ambiguous the whole record may be examined to ascertain its meaning, and that construction will be adopted which makes it such as ought to have been rendered.

6. Annotation, 67 A. L. R. 828, 832 (supplementing Annotation, 10 A. L. R. 526, 540), reads:

"The power of the court to correct clerical errors and misprisions in its own records, even in final judgments and decrees, so as to make them truthfully state what actually occurred and was decided, has often been asserted to be inherent, existing independently of statute."

And see, 1 Freeman, Judgments (5 ed.) § 201.

In First Trust & Sav. Bank v. United States F. & G. Co. 163 Minn. 168, 171, 203 N. W. 612, 613, Mr. Justice Holt of this court said:

"The district court has the inherent power at any time after final judgment to correct its own clerical mistakes so as to make the judgment conform to what the court intended it to be."

See, 10 Dunnell, Dig. (3 ed.) § 5049; Parten v. First Nat. Bank & T. Co.

*supra;* 1 Freeman, Judgments (5 ed.) §§ 76 and 77. Divorce decrees should be given that interpretation which will render them reasonable, effective, and conclusive and which will make them harmonize with facts and law of the case. Simon v. Simon (Fla. App.) 123 So. (2d) 41.

Construction of its own decree by the trial court must be given great weight in determining the intent of the trial court. Krick v. Krick, 76 Nev. 52, 348 P. (2d) 752.

The decree in a divorce suit must be construed in the light of applicable statutes. Paulson v. Paulson, 267 Wis. 639, 66 N. W. (2d) 700.

It is obvious in the case at bar that the trial court could not practically award any alimony due to the defendant's disability. For that reason the award to the plaintiff intended by the trial court seems just and equitable. The divorce decree has, in the instant case, been clarified by the tribunal which originally entered the decree. The decree as now clarified completely expresses the terms of the original findings of fact, conclusions of law, and order for judgment and what was in truth intended thereby, namely, that the title to the homestead become absolute in plaintiff upon payment to defendant of the sum of $2,000. The interpretative order is hereby affirmed.

Affirmed.