744

Pierce **WITTENBERG** and **Mildred Wittenberg**, his wife, Plaintiffs,

v.

**UNITED STATES of America**, Defendant.

No. 1–67 Civ. 294.

United States District Court
D. Minnesota,
First Division.

Oct. 13, 1969.

Peterson & Challeen, Ltd., by Dennis A. Challeen, Winona, Minn., for plaintiffs.

Robert G. Renner, U. S. Atty., and Richard J. Sideman, Tax Division, Dept. of Justice, Washington, D. C., for defendant.

NEVILLE, District Judge.

The Internal Revenue Service assessed income tax 50% fraud penalties under Section 6653 of the internal revenue code of 1954 against the plaintiffs for the calendar years 1956 through 1959 in the total amount of $5,169.98. The plaintiffs paid the assessment and after their claims for refund were in due course denied the present suit followed.

At the trial the government introduced into evidence over plaintiffs' strenuous objection a certified copy of a judgment of conviction of plaintiff Pierce Wittenberg in an earlier criminal case brought pursuant to a grand jury indictment charging income tax evasion for the year 1960, to which count in the indictment Wittenberg had pled guilty. Wittenberg had in fact been indicted for tax evasion for five calendar years, 1956 through 1960, but upon his entry of a plea of guilty to the count charging

evasion for the year 1960, the government dismissed the counts charging evasion for the other years. The evidence of the 1960 conviction was submitted, not for the purpose of impeachment of plaintiff Wittenberg as a witness, but as part of the government's case in chief on the theory that it was evidence of a continuing course of conduct—a conduct of continuously understating income—and thus evidence of fraudulent intent for the prior years here involved.

Plaintiff testified originally as an adverse witness called by the government, and on cross-examination over the objection of the government, stated that he had pled guilty to the 1960 charge on the advice of his attorney who had counselled the plaintiff that the fine involved in the proceeding was not worth the expenses and inconvenience of a full trial and the loss he would incur in his business during a two to three weeks trial. He further testified that he was not guilty of wilful tax evasion in 1960 and was not guilty of fraud for the years at issue here, 1956 through 1959 but rather had erroneously failed to report all his income because of a misconception of what he was required to do.

The jury returned a verdict for the plaintiffs, thereby implicitly finding that plaintiffs did not wilfully and knowingly fail to report any portion of their income with intent to defraud the United States for any of the four years 1956 through 1959 in question.

The government makes this motion for a new trial on two grounds: (1) That it was error for the court to allow the plaintiff to explain his 1960 conviction and to deny his guilt of such charge since, as the defendant claims, "The record of a judicial proceeding is the sole embodiment of those proceedings" and therefore the "plaintiff cannot introduce evidence in competition with * * * [the] judgment of conviction for 1960." (2) That it was error for the court not to give defendant's requested instruction that the fraud penalty in question was in no sense of a penal nature but rather was to "reimburse the government for the expense of investigation and the loss resulting from the taxpayer's fraud." The court finds that neither ground will justify the granting of a new trial.

As to the first ground, it is noted that the plaintiff Pierce Wittenberg did not attack the validity or the legality of the judgment. He did not claim that the judgment was not proper on the record, but rather commented on or explained his state of mind at that time. The plaintiff's remarks could not it would seem be considered a collateral challenge to the judgment for he did not assert that the judgment should be overturned nor did he ask that any necessary finding or adjudication be made in this case that is in any way inconsistent with, competes with or contradicts the earlier judgment. It is not the outcome of the criminal case, but rather the facts, findings and implications behind that outcome or judgment which was really the object of the plaintiff's testimony.

The real question, then, is whether the judgment in the criminal case for the year 1960 is res judicata or an estoppel as to the question of fraud for the years 1956 through 1959 so as to prevent an explanation of the 1960 judgment in the present circumstances or whether comment and explanation, or even a denial of the presence of a state of mind constituting fraud—a finding necessary to the criminal judgment of tax evasion— should be permitted for 1960 under the circumstances of the present case. In other words, did the judgment in the criminal case conclusively establish a fraudulent or criminal intent for 1960 and thereby prohibit all other evidence of fraudulent intent in 1960 which could be used to attempt to persuade a jury of a course of continuing conduct of such intent for the earlier years in question (1956 through 1959); or was the judgment only some evidence, in this particular case, of fraud in 1960 for the purpose of showing continuing conduct, and as such should not exclude all other evidence on the question? The court need not decide the question here as to whether

originally the admission of the judgment over plaintiff's objection involving only 1960 was error. The government cannot complain since it introduced the judgment in evidence originally as a part of its case in chief, and obviously plaintiffs have no complaint since they received a jury verdict despite its admission.

At one time in most tax cases, the finding of fraudulent intent in a criminal case could be relitigated in a later civil trial. Starting with the case of Tomlinson v. Lefkowitz, 334 F.2d 262 (5th Cir. 1964) a different policy seems to have become rather firmly established. That case involved a refund suit for penalties assessed for civil fraud, delinquency in filing returns and substantial underestimation of tax. The court held that the issue of the existence of fraudulent intent was foreclosed by collateral estoppel arising from the conviction of the taxpayer for felonious evasion of income taxes for the years in question. The court noted that facts essential to an earlier judgment—in that case, the question of fraudulent intent for the years in issue in both trials—are conclusively decided between the parties and cannot later be relitigated.

The following year, the Fourth Circuit decided Moore v. United States, 360 F.2d 353 (4th Cir. 1965). That case also involved, among other things, a suit by the taxpayer and his wife for a refund of assessed fraud penalties. The circuit court reversed the district court and held that the conviction of the husband for criminal evasion of taxes was a basis for finding fraud for the same years in the later civil case. The court added that the taxpayer was collaterally estopped to deny he was guilty of fraud during the years in question.

In United States v. Kaplan, 267 F.2d 114 (2nd Cir. 1959), the government sued the taxpayer for unpaid distilled spirits taxes and penalties. Earlier the taxpayer had pleaded guilty in a criminal proceeding in which he was charged with non-payment of taxes with intent to defraud the government. A judgment

was entered on that plea. The court in the later civil suit held that allowing the introduction into evidence of the conviction on the guilty plea, without permitting any explanation of the guilty plea was not prejudicial error for the plea of guilty was conclusive as to all facts covered by the charge, admitted by the plea and adjudicated between the parties by the final judgment.

The Moore case had another element which is present here and which would justify the admission of the questioned testimony. The wife of the taxpayer was a party to the civil suit and not to the criminal suit. Since she was not a party to the suit in which the determination was made she was not estopped from litigating the husband's fraud in the later suit. It is not necessary however to rely on that ground as justification for the admission of the testimony in question, for the above cases are quite distinguishable from the case presently confronting the court.

The purpose of the res judicata and estoppel doctrines is to avoid repetitious trials, to end litigation, to make a final determination of controversies and to avoid conflicting adjudications. These ends could be served by application of the doctrine to the above cited cases where it would be necessary completely to relitigate the issue of fraud were it not for res judicata or estoppel. In the case at bar it is not necessary to make any determination concerning fraud in 1960 to dispose of the case involving the years 1956 through 1959. The above cases involved a civil suit concerning the same year as the criminal conviction whereas here the civil suit involves different years than the criminal case. As such, a complete relitigation of the issue of fraud in the years involving the criminal judgment is unnecessary.

The case closest to the present situation of which this court has knowledge is Armstrong v. United States, 354 F.2d 274, 173 Ct.Cl. 944 (1965) for it involved a civil suit covering not only the years covered by the earlier criminal

trial but three additional years as well. There the plaintiff was allowed, among other things, to recover penalties paid for 1945, 1946 and 1950, but not for the years affected by the criminal judgment, 1947 through 1949. The court held that the plaintiff was collaterally estopped from questioning the existence of fraud for the years 1947 through 1949 for the purpose of recovering penalties in those three years. The criminal conviction for those three years foreclosed that issue. However, plaintiff could litigate the question of fraud for the other three years and since the state of mind could only become clear through evidence extending over the whole six-year period the court allowed consideration of other evidence relating to the years covered by the earlier conviction.

"* * * We do not agree, however, that—in a case like this in which the determination of the taxpayer's intent depends on an evaluation of a prolonged course of conduct—application of collateral estoppel would preclude the admission or consideration of evidence relating to the years covered by the prior criminal conviction. That evidence would be admissible and relevant because of its bearing on the taxpayer's intent during the three years still open. Taxpayer would be estopped from seeking an adjudication that he was innocent of fraud in 1947, 1948, or 1949, but he would not be estopped from seeking such an adjudication for 1945, 1946, and 1950, or from introducing evidence relating to the barred years in order to show his intent for the three years as to which he would not be estopped. Accordingly, we consider the trial commissioner's procedure at the trial to have been correct, as was his consideration of all the evidence (for all the years) in determining the state of the taxpayer's mind for the years as to which the plaintiffs are not estopped." 354 F.2d at 290

■ Thus it would seem that when the ultimate determination is the question of fraud in a year not covered by a prior criminal conviction the question of fraudulent intent for the year covered by the conviction can be commented upon and explained by a witness insofar as it involves a claimed fraudulent intent sought to be imputed to other years.

■ There is ample authority for allowing a witness to explain a conviction when it has been introduced for the purpose of impeachment. See Dryden v. United States of America, 237 F.2d 517 (5th Cir. 1956); United States v. Pinna, 229 F.2d 216 (7th Cir. 1956). Cf. 166 A.L.R. 211 annotation explaining former conviction. McCormick, Evidence § 43, p. 93 states "accordingly a substantial number of courts, while not opening the door to a retrial of the conviction, do permit the witness himself to make a brief and general statement in explanation, mitigation or denial of guilt, or recognize a discretion in the trial judge to permit it." Since courts are perhaps more guarded concerning a conviction when it forms part of a case in chief, it seems proper to allow the party against whom the conviction is used to comment upon it at least to the extent that he could were the conviction being offered for impeachment; certainly this seems sound when it is not necessary to make an actual finding for the year involved in the prior conviction, as in the present case, and the purpose of its introduction is to impute fraudulent intent to prior years.

Cases cited by the government are not determinative of the issue in question. Christakos v. Hunter, 161 F.2d 692 (10th Cir. 1947), involved a petition for habeas corpus. To grant the petition it would have been necessary directly to overturn factual recitals in a judgment. The cases of Alvin v. Johnson, 245 Minn. 322, 71 N.W.2d 667 (1955) and Stieler v. Stieler, 244 Minn. 312, 70 N.W.2d 127 (1955) involved questions of modification of a prescriptive easement and a divorce decree respectively.

■ As to the second ground urged for a new trial it seems necessary only to state that instructions given to the jury made the point requested by defendant's

**748**

requested instruction number 8. The denial thereof did not constitute prejudicial error such as to warrant a new trial.

The court instructed, as requested and submitted by the government:

"As this is not a criminal action, fraud does not have to be proven beyond a reasonable doubt. This is a civil action, and in order for you to find fraud, the evidence must be clear and convincing of an actual and intentional wrongdoing on the part of Pierce Wittenberg with the specific intent to evade the tax."

The court gave the jury the first three sentences of the government's requested instruction number 8, but denied the rest if for no other reason than that the court had before it no evidence that the purpose of the 50% fraud assessment "is to reimburse the government for the expense of investigation and the loss resulting from the taxpayer's fraud." No one so testified. The instruction as a whole, if correct in some circumstances, would be far more apposite in a case where the government is suing to impose fraud penalties than where a suit is brought to recover back an assessment paid. In any event, even if the instruction can be said to be correct, failure to give it is at best harmless error within the meaning of Rule 61 of the Federal Rules of Civil Procedure.

A separate order has been entered.