In re the Marriage of JoAnne Louise Nelson PERRINGTON, Respondent,

v.

Kenneth James PERRINGTON, Appellant.

No. C4–89–210.

Supreme Court of Minnesota.

Nov. 17, 1989.

---

Scott B. Lundquist, Daniel J. Roth, Lundquist & Roth, P.A., Minneapolis, for appellant.

William E. Haugh, Jr., John R. Schulz, Collins, Buckley, Sauntry & Haugh, St. Paul, for respondent.

KELLEY, Justice.

We granted the petition of JoAnne Louise Nelson Perrington to review an unpublished decision of the court of appeals reversing an order of the district court confirming the amendment of an amended judgment and decree of marital dissolution. We reverse and reinstate the order of the district court.

The only issue presented is whether the order constituted a permissible clarification of the judgment and decree or an untimely modification of a property division rendered final upon expiration of the time to appeal from the judgment.

At the time of the parties' marriage dissolution, they negotiated a property settlement providing for, among other matters, the distribution of Kenneth Perrington's pension benefits to each of the parties in the amount of "one-half of the accrued vested interest." The stipulation was incorporated into and formed the basis of the judgment and decree, awarding JoAnne "one-half of the total value, as of July 25, 1985, of retirement benefits." While the differences between the recorded language of the parties' stipulation and that memorialized in the judgment and decree appear minor, in practical consequence, the pension plan administrator has interpreted the latter to afford JoAnne a monthly benefit of $65.72, rather than the $241.65 monthly benefit apparently available if the precise language of the stipulation had been included in the judgment and decree.

Upon motion, the district court determined that the parties' intention, as stated on the record, was not effectuated by the language of the judgment and decree and therefore ordered the amendment. As indicated, a majority of the court of appeals panel disagreed, concluding that the trial court itself characterized its order as an amendment rather than a clarification and that the subsequent written instrument superseded the prior oral agreement. We disagree.

While in a technical sense, a formal amendment of the judgment and decree was necessitated by the trial court's decision that a clarification was required, the substance of the underlying decision was clearly that the subject provision was ambiguous in not accurately effecting the parties' intent. Accordingly, the ambiguity was properly clarified without regard to the time limitations imposed by Minn.Stat. § 518.64 (1988) for the modification of a property division. *See Palmi v. Palmi,* 273 Minn. 97, 140 N.W.2d 77 (1966).

Reversed and district court order reinstated.