*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0079
A14-0636
A14-1257
A14-1445**

Jerrod Matthew Brown, petitioner,
Respondent,

vs.

Amanda Marie Spoden,
n/k/a Amanda Vinkemeier,
Appellant.

**Filed April 6, 2015
Affirmed
Johnson, Judge**

Stearns County District Court
File No. 73-FA-07-813

John B. Biglow, Law Offices of John B. Biglow, Minneapolis, Minnesota (for respondent)

Amanda Vinkemeier, Victoria, Minnesota (pro se appellant)

Considered and decided by Halbrooks, Presiding Judge; Johnson, Judge; and Larkin, Judge.

## UNPUBLISHED OPINION

**JOHNSON**, Judge

Amanda Vinkemeier (formerly known as Amanda Marie Spoden) appeals from four district court orders related to a teen-aged boy, custody of whom she shares with

Jerrod Michael Brown. We conclude that the district court did not err in any of the challenged rulings and, therefore, affirm.

## FACTS

Vinkemeier and Brown had a relationship from which one child was born, A.B., who now is 13 years old and in the seventh grade. In 2007, the parties stipulated to a parenting agreement, which the district court adopted in an order and judgment. The stipulated parenting agreement provided that Vinkemeier and Brown would share joint legal and physical custody of A.B. The stipulated parenting agreement also resolved other issues, such as details of the parenting schedule and mediation of future conflicts between the parties, but reserved financial issues for further proceedings.

In 2012, both Vinkemeier and Brown married their current spouses and relocated from Stearns County to the Twin Cities, though they chose homes that are approximately an hour's drive from each other. They were unable to agree on the school that A.B. should attend in the Twin Cities. In June 2012, they stipulated that a custody evaluator would resolve their dispute by recommending a school, and the district court approved the stipulation. Vinkemeier proposed that A.B. attend a school in the Minnetonka public school system; Brown proposed that A.B. attend a private school in Minneapolis. The mediator adopted Vinkemeier's proposal and recommended that A.B. attend Minnetonka schools throughout middle school and high school. The parties accepted the mediator's recommendation, and A.B. attended school in Minnetonka for the 2012-2013 school year.

In June 2013, Brown moved for, among other things, an order directing the parties to enroll A.B. in the private school in Minneapolis that he previously had proposed.

2

Vinkemeier opposed the motion.  The district court held an evidentiary hearing on three days in June and July 2013.  The court heard testimony from Brown, Vinkemeier, family members, friends, and three experts.  In August 2013, the district court granted Brown's motion with respect to the selection of a school and ordered the parties to register A.B. at the private school in Minneapolis.  Neither party appealed from the district court's August 2013 order.

The parties subsequently raised various issues with the district court, which issued orders in November 2013, January 2014, June 2014, and August 2014.  Vinkemeier filed a separate notice of appeal from each of those four orders, which are described below.  This court consolidated the appeals.

## D E C I S I O N

### I.  November 2013 Order

#### A.    Modification of Child Support

The district court granted Brown's motion to modify his child-support obligation by reducing it from $850 to $476 per month.  Vinkemeier argues that the district court erred for several reasons.  This court applies an abuse-of-discretion standard of review to an order modifying child support.  *Haefele v. Haefele*, 837 N.W.2d 703, 708 (Minn. 2013).

Brown argued to the district court that his income from several part-time jobs should be excluded from his gross income for purposes of child support because he started the part-time job only to pay down debts and to fund A.B.'s private-school tuition.  The district court agreed.

3

Vinkemeier first contends that the district court erred by not including Brown's part-time income in the child-support calculation. A district court may exclude a party's part-time income from his or her gross income for purposes of determining child support if several requirements are satisfied: the district court sets child support at the presumptive guidelines obligation based on the remaining gross income, the party started the part-time employment after the petition for dissolution or custody, the part-time employment increases the party's working hours and is not a condition of full-time employment, the part-time work is paid hourly, and the party has not started the part-time work in order to affect his or her child-support obligation. Minn. Stat. § 518A.29(b) (2014). In this case, the district court found that Brown's part-time income met each of the statutory requirements. Vinkemeier has not identified any evidence in the record that contradicts the district court's findings on that issue. Furthermore, we have reviewed the parties' submissions to the district court and do not find any evidence that contradicts the district court's findings. Thus, the district court did not abuse its discretion by excluding Brown's part-time income from its child-support calculation.

Vinkemeier also contends that the district court erred by omitting her child-care expenses from its calculation. In a supplemental response to Brown's motion, Vinkemeier stated that her out-of-pocket child-care costs were not yet determined. She asked the district court to reserve ruling concerning child support until she determined those costs. The district court proceeded to rule on Brown's motion without waiting for Vinkemeier to offer additional evidence. Vinkemeier did not later move to reopen the issue of child support. Her appellate brief does not indicate that she made any effort to

determine her child-care costs. Thus, the district court did not abuse its discretion by ruling on Brown's motion without waiting for Vinkemeier to provide additional evidence of her child-care costs.

Vinkemeier also contends that the district court erred by dividing medical expenses between the parties according to the child-support guidelines. In her district court memorandum, she argued that the district court should do exactly that: calculate medical and dental expenses according to the child-support guidelines. She now argues that the district court should have obligated Brown to pay all medical expenses because he has the authority to choose the health plan and the deductible level. Because she failed to present that argument to the district court, she has failed to preserve the argument for appeal. *See Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988).

Vinkemeier contends further that the district court erred by granting Brown's request that the parties alternate years in claiming A.B. as a dependent for tax purposes. Vinkemeier did not oppose this part of Brown's motion in the district court. Again, because Vinkemeier failed to present this argument to the district court, she has failed to preserve it for appeal. *See id.*

In sum, the district court did not err by granting Brown's motion to modify his child-support obligation.

**B.      Attorney Fees**

The district court denied both parties' requests for conduct-based attorney fees and denied Vinkemeier's request for need-based attorney fees. Vinkemeier argues that the district court erred by denying her request for need-based attorney fees.

5

A district court shall award need-based attorney fees in a family law proceeding if it finds

> (1) that the fees are necessary for the good faith assertion of the party's rights in the proceeding and will not contribute unnecessarily to the length and expense of the proceeding;
>
> (2) that the party from whom fees, costs, and disbursements are sought has the means to pay them; and
>
> (3) that the party to whom fees, costs, and disbursements are awarded does not have the means to pay them.

Minn. Stat. § 518.14, subd. 1 (2014). The resolution of a motion for attorney fees under this section "rests almost entirely within the discretion of the trial court and will not be disturbed absent a clear abuse of discretion." *Schallinger v. Schallinger*, 699 N.W.2d 15, 24 (Minn. App. 2005) (quotation omitted), *review denied* (Minn. Sept. 28, 2005).

The district court reasoned that Vinkemeier had failed to satisfy the second requirement in the statute based on its finding that Brown "lacks the capacity to assume [Vinkemeier's] legal fees in addition to his own fees and tuition expenses." In challenging the district court's ruling, Vinkemeier does not identify any evidence in the record that is contrary to the district court's finding concerning Brown's means of paying her attorney fees. She refers only to her own inability to pay her attorney fees. The district court's decision appears rational and logical in light of the fact that Brown had assumed full responsibility for A.B.'s private-school tuition of $16,000.

Thus, the district court did not abuse its discretion by denying Vinkemeier's request for need-based attorney fees.

## II. February 2014 Order

The district court granted Brown's motion to modify parenting time and the designation of decisionmaking responsibilities for A.B.'s therapy and extracurricular activities.

Brown argued to the district court that it is in A.B.'s best interests to reside with him during each school week because Vinkemeier had not complied with the requirement of the August 2013 order that she cooperate with a child psychologist and had not supported A.B.'s transition to the private school, which resulted in his performing poorly in school and missing extracurricular activities while residing in Vinkemeier's home. Vinkemeier responded that she could not afford the agreed-upon therapy and did not agree with the therapists' recommendations.

The district court found that Vinkemeier's "non-compliance [with the August 2013 order] is willful and based upon her inability to understand and accept the reasons for the Court's school choice decision." The district court also found that Vinkemeier's behavior "has made [A.B.]'s transition to [the private school] far more difficult than it otherwise would have been, has negatively impacted his academic performance and has deprived [A.B.] of the opportunity to fully participate in beneficial extracurricular activities." The district court granted Brown's motion to modify parenting time and ordered that A.B. reside with Brown on school days. The district court granted Vinkemeier parenting time for two-thirds of the summer. As a result of these provisions, Brown's parenting time increased to 62%. The district court also granted Brown's

motion to modify decisionmaking responsibilities for matters of therapy and extracurricular activities, regardless whether Vinkemeier consents.

Vinkemeier contends that the district court erred by modifying parenting time so that A.B. lives with Brown during the school week. The district court had the authority to modify parenting time and decisionmaking responsibilities based on a statute that provides, "If modification would serve the best interests of the child, the court shall modify the decision-making provisions of a parenting plan or an order granting or denying parenting time . . . ." Minn. Stat. § 518.175, subd. 5(a) (2014). This court applies an abuse-of-discretion standard of review to an order modifying parenting time. *Dahl v. Dahl*, 765 N.W.2d 118, 123 (Minn. App. 2009).

Vinkemeier contends that the district court erred because Brown's affidavits contain statements that are untrue. The district court held a hearing at which it questioned Vinkemeier about Brown's allegations and gave her an opportunity to present and explain her position. The district court found that Vinkemeier had failed to ensure that A.B. had a good attendance record and was adequately prepared for school while in her care. Vinkemeier does not identify any evidence in the record that contradicts the district court's findings. The district court's findings support its conclusion that it is in A.B.'s best interest to reside with Brown during the school week.

Vinkemeier also contends that the district court erred by granting Brown decisionmaking responsibilities for therapy and extracurricular activities, but she refers only to events that have occurred since the February 2014 order. These facts lie outside the record on appeal and are beyond our scope of review. *See* Minn. R. Civ. App. P.

8

110.01; *Brodsky v. Brodsky*, 733 N.W.2d 471, 479 (Minn. App. 2007). Vinkemeier contends further that the district court erred by requiring the parties to communicate by e-mail. The district court explained during the hearing why e-mail communications are preferable. The district court did not abuse its discretion by requiring the parties to communicate by e-mail. *See Dahl*, 765 N.W.2d at 123.

Thus, the district court did not abuse its discretion by modifying parenting time and decisionmaking responsibilities for extracurricular activities and therapy.

### III. July 2014 Order

The district court granted Brown's motion to modify child support to reflect Brown's increased parenting time by imposing a $306 per month child-support obligation on Vinkemeier. The district court also ordered that Vinkemeier should be responsible for the outstanding costs of busing A.B. between her home and school for the 2013-2014 school year pursuant to the August 2013 order. Vinkemeier argues that the district court erred in both respects.

Brown argued to the district court that Vinkemeier should be ordered to pay child support in accordance with the child-support guidelines. The district court found that Brown's increased parenting time was a substantial change in circumstances that warrants a modification of child support. *See* Minn. Stat. 518A.39, subd. 2(a) (2014). Vinkemeier does not challenge that part of the district court's ruling. The district court also found that Vinkemeier had voluntarily quit her job and, thus, imputed income to her in the amount that she had been earning before she quit. Specifically, the district court found that Vinkemeier's unemployment was voluntary because she decided to quit her

9

job in order to work full time on her pending appeals. Vinkemeier does not challenge the district court's finding that her unemployment is voluntary. She merely challenges the amount of income imputed to her, noting that it is "higher than I was previously making as a salary."

If a district court determines that a parent is voluntarily unemployed, it must calculate child support based on that parent's potential income. Minn. Stat. § 518A.32, subd. 1 (2014). The court may determine a parent's potential income based on the parent's "recent work history." *Id.*, subd. 2(1). That is the method the district court used in this case. In her memorandum responding to one of Brown's previous motions, Vinkemeier stated that her monthly income was $2,409. The district court imputed income of $2,421, which is nearly the same amount. Thus, the district court did not clearly err in its findings of fact and did not abuse its discretion by modifying child support.

Vinkemeier also contends that the district court erred by making her responsible for the expenses of busing A.B. to and from school when he resides with her. She notes that Brown had previously stated that he could afford all costs associated with the private school. But the district court did not previously determine that Brown should be responsible for all busing expenses. In its August 2013 order, the district court expressly reserved "[i]ssues regarding the parties' contribution toward fees and school expenses over and above tuition." The district court made Brown responsible only for tuition and contemplated that both parties would contribute to other expenses. The district court did

not abuse its discretion by ordering Vinkemeier to pay the expenses of busing A.B. between her home and his school.

Thus, the district court did not err by granting Brown's motion.

### IV. August 2014 Order

During the summer between A.B.'s sixth-grade and seventh-grade school years, the district court ruled that A.B. should attend the private school in Minneapolis until he completes high school, unless otherwise ordered by the court or agreed by the parties.

Earlier that month, Vinkemeier sent a letter to the district court in which she stated her intention to enroll A.B. in the Minnetonka public school system for the 2014-2015 school year. She explained that she understood the August 2013 order, which provided that A.B. would attend the private school in Minneapolis, to apply only to the 2013-2014 school year but not to future years. Brown filed an objection to Vinkemeier's letter. The district court promptly issued an order stating that "the purpose of the proceedings and the resulting Findings and Order [in August 2013] were clearly intended to resolve the school choice issue through [A.B.]'s completion of high school unless modified by subsequent order or agreement."

Vinkemeier argues that the district court erred in its August 2014 order. As a general rule, a district court may clarify a prior order only if the prior order is ambiguous. *Palmi v. Palmi*, 273 Minn. 97, 102-03, 140 N.W.2d 77, 81 (1966); *Suleski v. Rupe*, 855 N.W.2d 330, 339 (Minn. App. 2014). If a prior order is unambiguous, a district court may not clarify it but must enforce it according to its terms. *See Mikoda v. Mikoda*, 413 N.W.2d 238, 241 (Minn. App. 1987), *review denied* (Minn. Dec. 22, 1987). A prior

order is ambiguous if it "is reasonably susceptible to more than one meaning." *Suleski*, 855 N.W.2d at 339 (quoting *Trondson v. Janikula*, 458 N.W.2d 679, 681 (Minn. 1990)). This court applies a *de novo* standard of review to the determination whether a prior order is ambiguous, and we apply a clear-error standard of review to a district court's clarification of its prior order. *Id.*

The relevant provision of the August 2013 order states that "the child shall attend sixth grade, the 2013-14 school year" at the private school in Minneapolis. In its August 2014 order, the district court acknowledged that "the August 2013 order specifically addressed the school selection for the 2013-2014 school year." But the district court explained that "the purpose of the proceedings and the resulting Findings and Order were clearly intended to resolve the school choice issue through A.B.'s completion of high school unless modified by subsequent order or agreement." The district court thus concluded that its August 2013 order was ambiguous because its meaning was not clear on the face of the document. We agree with the district court that its August 2013 order was ambiguous.

We next must determine whether the district court erred in its clarification of the prior order. In its August 2014 order, the district court stated that the August 2013 order had permanently resolved the school choice issue absent a subsequent order or agreement of the parties. We note that the district court judge who issued the August 2014 order is the same judge who entered the August 2013 order. Accordingly, "his reading of the provision is entitled to great weight." *Suleski*, 855 N.W.2d at 339 (quotations omitted). The district court's resolution of the ambiguous prior order is supported by the record of

the prior motion, which included a three-day evidentiary hearing with numerous witnesses and 86 exhibits. The district court's significant investment of time and resources to decide where A.B. should attend school indicates that the district court intended to resolve the issue permanently and not decide merely where A.B. should attend sixth grade. Furthermore, the record reflects that both parties contemplated that the district court's ruling would determine A.B.'s school for both middle school and high school. Brown's proposed findings of fact and conclusions of law urged the district court to order that A.B. attend the private school "for the school year 2013-2014 and through high school." Similarly, Vinkemeier's proposed findings of fact and conclusions of law urged the district court to order that A.B. "continue to attend school in the Minnetonka School District and will continue to attend school there through middle school and high school." Vinkemeier does not identify any evidence or arguments in the record of the prior motion that support her assertion that the order was intended to apply only to one school year.

Thus, the district court did not err in its August 2014 order by clarifying its August 2013 order.

In conclusion, we note that Vinkemeier appeared *pro se* in all proceedings after the November 2013 order, and we commend the district court for going to great lengths to explain the proceedings to her and to give her an opportunity to present her case.

**Affirmed.**

13